In the Matter of LEONARD A. MESSINGER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 27, 1989

### APPEARANCES OF COUNSEL

*Kevin P. Feerick* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Ronald G. Russo* of counsel *(Fischetti Pomerantz & Russo,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by the

Second Judicial Department on December 28, 1964 and, at all relevant times, has maintained an office for the practice of law in the First Department.

On February 6, 1989, he was found guilty after a jury trial in the United States District Court for the Southern District of New York, of conspiracy to defraud the United States in violation of 18 USC § 371 and willfully making a declaration, under penalty of perjury, that he knew to be false, in violation of 26 USC § 7206 (1) and a number of counts of willfully aiding in the preparation of false documents, in violation of 26 USC § 7206 (2). He was sentenced by Judge Robert Sweet to 28 months of incarceration, to be followed by a period of probation of three years.

Among other things, the essence of his crimes was arranging tax benefits as part of a scheme of fraudulent transactions, which false deductions were passed on to investors.

Respondent admits that he has been convicted of Federal felonies, which are "serious crimes", as defined by Judiciary Law § 90 (4) (d) and the rules of this court, as defined in section 603.12 (b). He contends, however, that there are substantial issues which may, upon his pending appeal to the Second Circuit, lead to a reversal.

Section 603.12 (e) of the rules of this court specifically states that the pendency of an appeal, "shall not be grounds for delaying any action".

The Departmental Disciplinary Committee finds no compelling reason for justifying a delay in suspension.

The petitioner's motion therefore should be granted and respondent suspended from the practice of law herewith and ordered to show cause within 30 days of entry of this court's order of suspension, why a final order of suspension, censure or removal should not be entered against him.

MURPHY, P. J., KUPFERMAN, SULLIVAN, ROSS and CARRO, JJ., concur.

Petition is granted and respondent is directed to show cause within 30 days why a final order of suspension, censure or removal from office should not be made and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York effective immediately and until the further order of this court.