In the Matter of MICHAEL P. OSHATZ, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 9, 1989

## APPEARANCES OF COUNSEL

*Kevin P. Feerick* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Carl M. Bornstein* for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law in New York by the Second Judicial Department on April 5, 1962 and at all relevant times has maintained an office for the practice of law in the First Judicial Department.

On February 6, 1989, he was found guilty, after a jury trial, in the United States District Court for the Southern District of New York, of conspiracy to defraud the United States in violation of 18 USC § 371; 12 counts of willfully aiding and assisting in the preparation of false documents, in violation of 26 USC § 7206 (2); and two counts of willfully making a declaration under penalty of perjury that respondent knew to be false, in violation of 26 USC § 7206 (1). He was sentenced by Judge Robert Sweet to 40 months of incarceration, to be followed by a period of probation of three years.

The respondent, a specialist in tax law, formed a number of limited partnerships and promoted them as a means of providing significant tax benefits to investors. In order to provide such tax benefits, he participated in a scheme whereby prearranged fraudulent transactions were created to generate false tax deductions, which were then passed along to investors. In addition, he prepared Federal income tax returns for the limited partnerships which were false as to material matters and also subscribed his own Federal income tax return for 1981 and 1982 knowing that certain material matters were not true.

Respondent admits that he has been convicted of the Federal felonies, which are "serious crimes" as defined by the Judiciary Law § 90 (4) (d) and the rules of this court, as defined in section 603.12 (b) (22 NYCRR). He contends, however, that there are substantial issues which, upon appeal, are likely to result in reversal. He also maintains that a temporary suspension pending his appeal would lead to financial hardship and that he has had a distinguished career as a lawyer and that his career should be viewed in its totality.

However, section 603.12 (e) of the rules of this court states that the pendency of an appeal "shall not be grounds for delaying any action". The Departmental Disciplinary Committee finds no compelling reason for justifying a delay in suspension.

The petitioner's motion is, therefore, granted and respondent is suspended from the practice of law herewith and

ordered to show cause, within 30 days of entry of this court's order of suspension, why a final order of suspension, censure or removal should not be entered against him.

CARRO, J. P., ASCH, ELLERIN, WALLACH and RUBIN, JJ., concur.

Respondent is directed to show cause before the Departmental Disciplinary Committee why a final order of censure, suspension or disbarment should not be made, and he is suspended from the practice of law in any form effective the date hereof, and until the further order of this court.