[624 NYS2d 797]

In the Matter of ANDREW C. LEVINE (Admitted as ANDREW CHARLES LEVINE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 9, 1995

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Sarah Diane McShea* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice law at the Second Judicial Department in 1980, as Andrew Charles Levine. At all relevant times since then, he has maintained an office for such practice within the First Judicial Department, although his primary occupation is as an accountant.

On March 18, 1994 respondent pleaded guilty, in United States District Court for the Eastern District of New York, to one count of assisting in the preparation of a false income tax return, a Federal felony under 26 USC § 7206 (2). The conviction resulted from having prepared an amended 1986 income tax return for a client, reporting miscellaneous deductions which respondent knew to be falsely inflated. Upon entering his plea, respondent acknowledged the possible consequence of loss of his license to practice law or accounting.

The offense to which respondent pleaded is a "serious crime" (Judiciary Law § 90 [4] [d]), requiring his suspension from practice (§ 90 [4] [f]) pending final disciplinary action (§ 90 [4] [g]; *Matter of Cooper,* 181 AD2d 298). Respondent does not contest the serious crime designation, nor the interim suspension, but he has requested a hearing for the purpose of presenting evidence in mitigation, to which he is entitled (§ 90 [4] [h]).

Accordingly, petitioner's motion and respondent's cross motion are granted. Respondent is suspended from the practice of law forthwith, pending report and recommendation on his mitigation hearing, and a showing of cause as to appropriate final disciplinary sanction.

SULLIVAN, J. P., ROSENBERGER, WALLACH, ASCH and TOM, JJ., concur.

Motion granted, respondent directed to show cause before petitioner's Hearing Panel why a final order of suspension or other appropriate disciplinary measure should not be entered against him and respondent suspended from practice as an attorney and counselor-at-law in the State of New York forthwith, and until the further order of this Court, all as indicated.