[684 NYS2d 231]

In the Matter of AARON J. BERTEL (Admitted as AARON JAY BERTEL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 26, 1999

## APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Hal R. Lieberman* of counsel (*Beldock Levine & Hoffman, L. L. P.,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Aaron J. Bertel was admitted to the practice of

law in the State of New York by the Second Judicial Department on May 2, 1979, as Aaron Jay Bertel. At all times relevant to these proceedings, he maintained an office for the practice of law within the First Judicial Department.

On August 15, 1997, respondent pleaded guilty to a two-count information filed in the United States District Court for the Southern District of New York, charging conspiracy to defraud the United States and the Internal Revenue Service (18 USC § 371) and filing fraudulent income tax returns (26 USC § 7206 [2]). These charges arose out of a scheme by which a wholesale fruit and vegetable business owned by respondent's father paid employees "off-the-books" and underreported the company's taxable income. As an executive officer of the business, respondent was aware of the scheme and participated to the extent of signing and issuing several checks to be used to generate cash in accordance with this scheme, and on occasion picked up the currency to be used to make the cash payments.

The Departmental Disciplinary Committee for the First Judicial Department now petitions this Court to strike respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) or, in the alternative, for an order determining that the crime of which respondent has been convicted is a serious crime pursuant to section 90 (4) (d) of the Judiciary Law and 22 NYCRR 603.12 (b).

We are persuaded that automatic disbarment is not warranted at this time, since while the crime of which respondent stands convicted is a "serious crime" pursuant to Judiciary Law § 90 (4) (d), it is not necessarily essentially similar to a felony under this State's law, as required by Judiciary Law § 90 (4) (e). Instead, respondent must be suspended from the practice of law and a hearing must be held on the issue of the appropriate sanction.

The offense of conspiracy to defraud the United States and the Internal Revenue Service (18 USC § 371) in and of itself is too broad to automatically equate with this State's Penal Law § 190.65, the felony of scheme to defraud in the first degree; depending upon the facts and circumstances of the crime, an attorney's conviction of conspiring to defraud the United States may instead constitute a "serious crime" (see, e.g., Matter of Agulnick, 235 AD2d 57; see also, Matter of Oshatz, 181 AD2d 382). Where the statutory language defining the Federal offense is not itself essentially similar to a felony under the law of this State, the essential similarity may be demonstrated, not by the allegations of the felony indictment or information, but

by evidentiary materials such as admissions made under oath in the respondent's plea allocution, or other testimony (*see, Matter of Kim*, 209 AD2d 127, 130; *Matter of Miller*, 180 AD2d 377).

*Matter of Vagionis* (241 AD2d 276) does not compel a contrary conclusion. There, the respondent's conviction of conspiracy to defraud the United States and the Internal Revenue Service was determined to be essentially similar to New York's felony of scheme to defraud in the first degree (Penal Law § 190.65). However, in *Vagionis*, the respondent's plea allocution disclosed that he played a major role in the charged conspiracy, personally setting up foreign corporations in order to conceal money from the Internal Revenue Service, and further, that he personally profited from his crime. The facts as established by respondent's plea allocution in the present case are far less compelling and do not establish the elements of scheme to defraud as a matter of law.

Nor does respondent's conviction for filing false tax returns (26 USC § 7206 [2]) present a proper predicate for automatic disbarment in this instance; rather, this conviction, too, constitutes a "serious crime" (*see, Matter of Canavan*, 183 AD2d 186, 187).

Accordingly, petitioner's motion, insofar as it seeks to strike respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a), should be denied. Petitioner's motion should be granted to the extent of determining that the crimes of which respondent has been convicted are serious crimes within the meaning of Judiciary Law § 90 (4) (d); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent to show cause, pursuant to Judiciary Law § 90 (4) (g), before a Referee appointed by the Court, pursuant to 22 NYCRR 605.12 (f), why a final order of censure, suspension, or disbarment should not be made.

SULLIVAN, J. P., ROSENBERGER, WALLACH, ANDRIAS and SAXE, JJ., concur.

Petitioner's application insofar as it seeks to strike respondent's name from the roll of attorneys denied, and so much of the motion which seeks a determination that the crimes of which respondent has been convicted are serious crimes granted, and respondent suspended from the practice of law in the State of New York, effective February 25, 1999, and until the further order of this Court, and respondent directed to

show cause before a Referee appointed by the Court, why a final order of censure, suspension, or disbarment should not be made.