[991 NYS2d 332]

In the Matter of JOSEPH G. COLBERT (Admitted as JOSEPH GEORGE COLBERT), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 27, 2014

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Thomas Graham Amon* of counsel), for petitioner.

*Michael S. Ross*, New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition containing one charge of professional misconduct. After a preliminary conference on October 1, 2013, and a hearing held on October 29, 2013, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and appropriate. The respondent has submitted a response in support of the Grievance Committee's motion to confirm, and contends that the appropriate sanction for his misconduct is a one-year suspension with credit for the time elapsed under the Court's interim order of suspension.

The single charge in the petition, as amended, alleges that the respondent was convicted of a serious crime, in violation of rule 8.4 (b), (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). On March 27, 2012, the respondent pleaded guilty, in the United States District Court for the District of Connecticut, before the Honorable Robert Chatigny, of one count of making and subscribing a false tax return in violation of 26 USC § 7206 (1). On August 23, 2012, the respondent was sentenced to 60 days of incarceration, followed by six months of home confinement, one year of supervised release, 150 hours of community service, restitution in the sum of $190,822.87, a $15,000 fine, and a special assessment fee of $100.

Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

The respondent has no prior disciplinary history.

In determining the appropriate measure of discipline to impose, the respondent asks that the Court consider the following mitigating factors: his excellent reputation—both personally and professionally—for honesty, integrity, and conscientious adherence to standards of professional ethics; the aberrational nature of his misconduct; his full and complete acceptance of responsibility for his misconduct; his genuine remorse and contrition; his prompt and full restitution to the Internal Revenue Service; the unrelated nature of the misconduct to the practice of law; the lack of harm to any client; his two decades of practice with an unblemished disciplinary record; the price he has already paid professionally (leaving a law partnership he helped to create); time already spent under interim suspension; his community and volunteer activities; his devotion to his family; and the crucial role the respondent plays in the ongoing psychological rehabilitation of his son.

Notwithstanding the aforementioned mitigating factors, the respondent knowingly filed false returns for several years, taking deductions and reporting losses to which he was not entitled, and thereafter engaged in conduct to cover up his criminal conduct. The respondent earned substantial income during the years in question, and when audited, could easily have paid the back taxes, penalties, and interest, but chose instead to lie to the Internal Revenue Service, engaging in deceitful and obstructive conduct. He conceded that he had no justification for his misconduct, other than the fact that he had chosen a lifestyle above his means.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years, with credit for the time elapsed under the order of interim suspension.

MASTRO, J.P., RIVERA, SKELOS, DILLON and BALKIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Joseph G. Colbert, admitted as Joseph George Colbert, is suspended from the practice of law for a period of two years, effective immediately, with credit for

the time elapsed under the interim order of suspension, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than December 27, 2014. In such application, the respondent shall furnish satisfactory proof that (1) during that period, he refrained from practicing or attempting to practice law, (2) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Joseph G. Colbert, admitted as Joseph George Colbert, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Joseph G. Colbert, admitted as Joseph George Colbert, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Joseph G. Colbert, admitted as Joseph George Colbert, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).