[16 NYS3d 321]

In the Matter of PAUL J. KONIGSBERG (Admitted as PAUL JAY KONIGSBERG), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 23, 2015

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Susan Korenberg* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On June 23, 2014, in a criminal action entitled *United States v Konigsberg*, commenced in the United States District Court for the Southern District of New York under docket No. 10 Cr. 228, the respondent entered a plea of guilty, before United States District Court Judge Laura Taylor Swain, to one count of conspiracy to falsify books and records of a broker-dealer and of an investment advisor, to obstruct or impede the lawful governmental functions of the Internal Revenue Service in the ascertainment, assessment, computation, and selection of income taxes in violation of 18 USC § 371; one count of falsifying books and records of a broker-dealer in violation of 15 USC §§ 78q (a) and 78ff, 17 CFR 240.17a-3 and 18 USC § 2; and one count of falsifying the books and records of an investment advisor in violation of 15 USC §§ 80b-4 and 80b-17, 17 CFR 275.204-2 and 18 USC § 2. As part of the plea agreement, the respondent agreed to forfeit the sum of $4,400,000 to the United States.

By letter dated July 23, 2014, the respondent notified this Court of his conviction.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b). The respondent has taken no position with respect to the Grievance Committee's motion.

Pursuant to Judiciary Law § 90 (4) (a), an attorney is automatically disbarred, and ceases to be an attorney, upon his or her "convict[ion] of a felony." Judiciary Law § 90 (4) (e) defines a "felony" as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein *which if committed within this state, would constitute a felony in this state*" (emphasis added). A felony committed under federal law that is "essentially similar" to a felony under New York law triggers

automatic disbarment (*Matter of Margiotta*, 60 NY2d 147, 149 [1983]).

In determining whether a federal felony is essentially similar to a New York felony, this Court may consider the attorney's plea allocution (*see Matter of Woghin*, 64 AD3d 5 [2009]). During the plea allocution, the respondent admitted that he returned client investment trading statements to individuals at Bernard L. Madoff Investment Securities for the purpose of falsely amending the transactions reflected in the statements. In one instance, the client's statement was amended to reflect a gain instead of a loss, and the respondent used the amended statement to prepare and file the client's federal income tax return with the Internal Revenue Service. The respondent further admitted that he knew that it was wrong to alter the trading statement and employ the amended trading statement to prepare and file the client's tax return.

The respondent's conviction of the federal felony of conspiracy to obstruct the Internal Revenue Service, based on his admitted conduct, is essentially similar to the New York felony of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35, a class E felony, which provides that a

> "person is guilty of offering a false instrument for filing in the first degree when[,] . . . knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision, public authority or public benefit corporation of the state, he or she offers or presents it to a public office, public servant, public authority or public benefit corporation with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office, public servant, public authority or public benefit corporation" (*see Matter of Goldner*, 70 AD3d 236 [2009]).

By virtue of his conviction of a felony, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a) as of June 23, 2014.

Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment as of June 23, 2014. The respon-

dent's application to voluntarily resign as an attorney and counselor-at-law in the State of New York is denied as academic in light of his automatic disbarment.

Eng, P.J., Mastro, Rivera, Dillon and LaSalle, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Paul J. Konigsberg, admitted as Paul Jay Konigsberg, is disbarred, effective June 23, 2014, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Paul J. Konigsberg, admitted as Paul Jay Konigsberg, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Paul J. Konigsberg, admitted as Paul Jay Konigsberg, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and its is further,

Ordered that if the respondent, Paul J. Konigsberg, admitted as Paul Jay Konigsberg, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).