[21 NYS3d 25]

In the Matter of Daniel H. Kornblatt, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, November 19, 2015

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Michael S. Ross* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Daniel H. Kornblatt was admitted to the practice of law in the State of New York by the First Judicial Department on June 20, 1983. At all times relevant to this proceeding, respondent maintained a registered business address within the First Department.

On December 2, 2014, respondent pleaded guilty in the United States District Court for the Eastern District of New York to aiding and assisting in the preparation of a false tax return in violation of 26 USC § 7206 (2), a felony. In so doing, respondent, who operated a tax preparation business, admitted that in or about October 2007, he willfully caused to be made and filed with the Internal Revenue Service a false form 1040 individual income tax return for a client. As the tax return preparer, respondent signed it knowing the return was false as to a material matter—namely, the client's income. That client had sold his share of a company called Bumble and Bumble to Estee Lauder for approximately $33 million, of which approximately $29 million was paid to the client in 2006; respondent omitted the $29 million amount as income on the client's federal income tax return for the 2006 tax year. As part of his plea agreement, respondent agreed not to appeal a prison sentence of 36 months or less. On September 16, 2015, respondent was sentenced to 18 months in prison and one year of supervised release, and directed to make $6.1 million in restitution to the IRS, which he is jointly and severally liable for with his client.

The Departmental Disciplinary Committee now seeks an order determining that the crime of which respondent has been convicted is a serious crime as defined by Judiciary Law § 90 (4) (d); suspending respondent from the practice of law under Judiciary Law § 90 (4) (f); and directing respondent to show cause before a Hearing Panel or a referee, appointed by the Court under Rules of the Appellate Division, First Department (22 NYCRR) § 603.12 (a), why a final order of censure, suspension, or disbarment should not be made within 90 days

following the imposition of sentence, or respondent's release from incarceration, if applicable, under Judiciary Law § 90 (4) (g).

The crime of which respondent was convicted is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b). Judiciary Law § 90 (4) (d) defines "serious crime" in pertinent part as "any criminal offense denominated a felony under the laws of . . . the United States which does not constitute a felony under the laws of this state." In turn, 22 NYCRR 603.12 (b) states in pertinent part, "The term serious crime shall include any felony, not resulting in automatic disbarment under the provisions of subdivision 4 of section 90 of the Judiciary Law."

Further, this Court has repeatedly held that the crime of which respondent has been convicted—aiding and assisting in the preparation of a false tax return, in violation of 26 USC § 7206 (2)—is a "serious crime" (*see e.g. Matter of Bertel*, 252 AD2d 256 [1st Dept 1999]; *Matter of Levine*, 208 AD2d 156 [1st Dept 1995]; *Matter of Oshatz*, 152 AD2d 27 [1st Dept 1989]; *Matter of Messinger*, 148 AD2d 228 [1st Dept 1989]). Accordingly, this respondent's conviction mandates the conclusion that he has been convicted of a "serious crime."

Finally, Judiciary Law § 90 (4) (f) provides in relevant part, that "[a]ny attorney and counsellor-at-law convicted of a serious crime . . . shall be suspended upon the receipt by the appellate division of the supreme court of the record of such conviction until a final order is made pursuant to paragraph g of this subdivision."

This Court has consistently held that during the pendency of a "serious crime" proceeding, it is appropriate, pursuant to Judiciary Law § 90 (4) (f), to suspend an attorney who has been convicted of a felony and is serving a term of probation or imprisonment (*see e.g. Matter of Lam*, 104 AD3d 80 [1st Dept 2013]; *Matter of Schneider*, 97 AD3d 152 [1st Dept 2012]; *Matter of Shapiro*, 81 AD3d 25 [1st Dept 2011]). Here, respondent was convicted of a felony, has recently been sentenced to a term of imprisonment, and consents to his immediate suspension.

Accordingly, the Committee's petition should be granted, the offense of which respondent has been convicted deemed to be a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b); and respondent is immediately suspended from the practice of law under Judiciary Law § 90

(4) (f), until such time as disciplinary proceedings before the Committee have been concluded and until further order of this Court. Respondent is directed to show cause before a Hearing Panel designated by the Committee under Judiciary Law § 90 (4) (g) why a final order of censure, suspension, or disbarment should not be made; the Hearing Panel shall hold a hearing within 90 days of respondent's release from incarceration, and issue a report and recommendation to this Court.

MOSKOWITZ, J.P., RICHTER, MANZANET-DANIELS, FEINMAN and GISCHE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.