[22 NYS3d 451]

In the Matter of MARLA L. STEIN (Admitted as MARLA LAUREN SCHIFF), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 21, 2016

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Michael S. Ross*, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Marla L. Stein was admitted to the practice of law in the State of New York by the First Judicial Department on July 11, 1988 under the name Marla Lauren Schiff. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

On April 14, 2015, respondent pleaded guilty in the United States District Court for the Southern District of New York to corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws in violation of 26 USC § 7212 (a), a felony. The facts underlying her plea are as follows: in an attempt to lower her tax burden and in response to an IRS audit, respondent, inter alia, created false tax documentation which indicated that two individuals, a photographer who performed services in connection with religious celebrations for members of respondent's family and a medical professional who had performed medical services for a member of respondent's family, had provided services to her law practice and had been paid fee income by respondent as a result. In fact, neither of these individuals had provided such services. Respondent presented the false documentation to the IRS during the course of an audit of her and her husband's joint tax returns in order to substantiate fake deductions and expenses.

On July 31, 2015, respondent was sentenced to incarceration for one year and one day, one year of supervised release upon her release from prison, and restitution in the amount of $99,546, representing the tax loss to the federal government. Respondent paid the restitution prior to sentencing. Due to child care issues, the court directed respondent to begin serving her prison sentence after her husband completed his 18-

month prison sentence for similarly obstructing the IRS as well as for tax evasion.

By notice of petition dated September 14, 2015, the Departmental Disciplinary Committee (DDC) seeks an order determining that the crime of which respondent had been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.12 (b); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent to show cause before a hearing panel or a referee which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made within 90 days following the imposition of sentence, or respondent's release from incarceration, pursuant to Judiciary Law § 90 (4) (g).

In response, respondent, through counsel, joins in the DDC's petition for an order deeming her conviction a "serious crime" and directing that a sanction hearing be held. Respondent does not oppose the imposition of an interim suspension.

The crime for which respondent was convicted is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b). Judiciary Law § 90 (4) (d) defines "serious crime," in pertinent part, as "any criminal offense denominated a felony under the laws of . . . the United States which does not constitute a felony under the laws of this state." 22 NYCRR 603.12 (b) provides, in pertinent part, that "[t]he term *serious crime* shall include any felony, not resulting in automatic disbarment under the provisions of subdivision 4 of section 90 of the Judiciary Law."

We have previously held that the crime of which respondent has been convicted, namely, corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws in violation of 26 USC § 7212 (a) is a "serious crime" (*see Matter of Kelly*, 241 AD2d 45 [1st Dept 1998] [conviction under 26 USC § 7212 (a) deemed a "serious crime" and interim suspension imposed]).

Moreover, we have consistently held that during the pendency of a "serious crime" proceeding, it is appropriate to suspend an attorney, pursuant to Judiciary Law § 90 (4) (f), who has been convicted of a felony and is serving a term of probation or imprisonment (*see e.g. Matter of Lam*, 104 AD3d 80 [1st Dept 2013]; *Matter of Schneider*, 97 AD3d 152 [1st Dept 2012]).

Here, respondent has been sentenced and her incarceration is imminent. Furthermore, as noted, respondent does not oppose the imposition of an interim suspension, and thus, there is no reason not to grant the application to impose an interim suspension.

Accordingly, the Committee's motion deeming the offense of which respondent has been convicted to be a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b) should be granted. Respondent is immediately suspended from the practice of law pursuant to Judiciary law § 90 (4) (f), and until further order of this Court. Given respondent's impending incarceration, it is ordered that her sanction hearing shall be held before a hearing panel within 90 days from the date of respondent's release from prison, and the panel shall issue a report and recommendation to this Court, as to why a final order of censure, suspension or disbarment should not be made.

FRIEDMAN, J.P., SWEENY, ACOSTA, RICHTER and MANZANET-DANIELS, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.