Matter of Doonan (2017 NY Slip Op 08646)





Matter of Doonan


2017 NY Slip Op 08646


Decided on December 12, 2017


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2017
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Peter H. Moulton,Justices.


&em;

[*1]In the Matter of William Doonan, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, William Doonan, (OCA Atty. Reg. No. 1802750), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, William Doonan, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on June 23, 1982.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Murray Richman, Esq., for respondent.



Per Curiam


Respondent William Doonan was admitted to the practice of
law in the State of New York by the Second Judicial Department on June 23, 1982. At all times relevant to this proceeding, respondent's registered business address was within the First Judicial Department.
By motion dated June 26, 2017, the Attorney Grievance Committee (Committee) seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90(4)(a) and (b) and the Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.12(c)(1), on the grounds that he was convicted of felonies as defined by Judiciary Law § 90(4)(e), and has therefore been automatically disbarred; or, in the alternative, determining that the crimes of which respondent has been convicted are "serious crimes" as defined by Judiciary Law § 90(4)(d); immediately suspending him from the practice of law and directing respondent to show cause before a referee why a final order of censure, suspension or disbarment should not be made (see Judiciary Law § 90[4][f] and [g] and 22 NYCRR 1240.12[b][2] and [c][2]).
On November 1, 2016, respondent was convicted in the United States District Court for the Southern District of New York, upon his plea of guilty, of aiding and assisting in the preparation of a false and fraudulent U.S. individual tax return and corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws in violation of 26 USC §§ 7206(2) and 7212(a), both felonies. Respondent, who operated a tax preparation business, admitted that between tax years 2009 through 2012 he knowingly prepared and caused the filing of federal income tax returns for certain clients which contained fictitious and inflated itemized deductions and business expenses.
On May 5, 2017, respondent was sentenced to 24 months in prison followed by one year of supervised release, fined $10,000, and ordered to make restitution in the amount of $65,572. The Committee states that respondent failed to inform the Committee or this Court of his conviction as required by Judiciary Law § 90(4)(c) and 22 NYCRR 1240.12(a).
The Committee has submitted a letter dated July 11, 2017 from respondent's counsel in which he acknowledges receipt of the Committee's motion, states that he will not be submitting a response to it because respondent is currently serving his two-year prison sentence, and respondent will not be opposing the motion.
For purposes of applying Judiciary Law § 90(4)(a), which authorizes automatic disbarment of an attorney convicted of a felony, Judiciary Law § 90(4)(e) defines a felony as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state." Thus, a federal felony conviction will result in automatic disbarment if an equivalent felony exists under New York law (Matter of Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]).
For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150 [1983]). Essential similarity can be demonstrated through the respondent's admissions made under oath during his or her plea allocution, which may be read in conjunction with the indictment or information (see Matter of Adams, 114 AD3d 1, 2-3 [1st Dept 2013]; Matter of Sorin, 47 AD3d 1, 3 [1st Dept 2007]).
This Court has previously found convictions under 26 USC §§ 7206(2) and 7212(a) to be "serious crimes" (see Matter of Stein, 137 AD3d 104 [1st Dept 2016]; Matter of Kornblatt, 135 AD3d 189 [1st Dept 2015]; Matter of Bertel, 252 AD2d 256 [1st Dept 1999]; Matter of Kelly, 241 AD2d 45 [1st Dept 1998]; Matter of Levine, 208 AD2d 156 [1st Dept 1995]). Moreover, respondent's plea admissions establish essential similarity between his federal convictions under 26 USC §§ 7206(2) and 7212(a) and the New York felony offering a false instrument for filing in the first degree (Penal Law § 175.35).
Penal Law § 175.35 provides:
"[a] person is guilty of offering a false instrument for filing in the first degree when:
1. knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision, public authority or public [*2]benefit corporation of the state, he or she offers or presents it to a public office, public servant, public authority or public benefit corporation with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office, public servant, public authority or public benefit corporation...
Offering a false instrument for filing in the first degree is a class E felony."
Respondent's plea admissions satisfy the elements of offering a false instrument for filing in the first degree (Penal Law § 175.35). Respondent admitted that he knowingly prepared and caused the preparation and filing of federal income tax returns which he knew contained false information in the form of fictitious and inflated itemized deductions and business expenses. He also admitted that he knew that these filings would result in his clients paying less in taxes or receiving greater refunds from the federal government than they were entitled to by law. His convictions under 26 USC §§ 7206(2) and 7212(a) are therefore proper predicates for automatic disbarment under Judiciary Law § 90(4)(b) and (e) and 22 NYCRR 1240.12(c)(1).
This Court has previously found that plea admissions similar to those made by respondent established essential similarity between other federal tax offenses and the New York felony of scheme to defraud in the first degree, Penal Law § 190.65[1] (see e.g. Matter of Porges, 297 AD2d 1 [1st Dept 2002][conviction for conspiracy to defraud the United States and the IRS found essentially similar to Penal Law § 190.65(1)(a) based on attorney's plea admissions that he, among other things, participated in a scheme with his wife by which he understated the income derived from his law practice and other activities by underpaying taxes and by filing false tax returns]; Matter of Seltzer, 255 AD2d 1 [1st Dept 1999][conviction for, inter alia, conspiracy to defraud the United States and the IRS found essentially similar to Penal Law § 190.65(1) based on attorney's plea admissions that he, among other things, failed to report illegal cash payments as income on tax return]; Matter of Vagionis, 241 AD2d 276 [1st Dept 1998][conviction for conspiracy to defraud the United States and IRS found essentially similar to Penal Law § 190.65(1)(b) based on attorney's plea admissions that he knowingly evaded payment of taxes by creating deceptive corporate accounts and making false statements on tax returns]).
While this Court has not previously found essential similarity between convictions under 26 USC § 7206(2) and Penal Law § 175.35, the Second Department has done so on multiple occasions (see e.g. Matter of Papandon, 172 AD2d 109 [2d Dept 1991]; Matter of Hack, 142 AD2d 287 [2d Dept 1988]). In addition, the Second Department has found other tax offenses essentially similar to Penal Law § 175.35 based on plea admissions (see e.g. Matter of Konigsberg, 132 AD3d 250 [2d Dept 2015] [conviction for, inter alia, conspiracy to obstruct or impede the lawful governmental functions of the IRS (18 USC § 371) was essentially similar to Penal Law § 175.35 based on the attorney's plea admissions that he used a falsified trading statement to prepare and file a client's federal income tax return]; Matter of Goldner, 70 AD3d 236 [2d Dept 2009] [conviction for conspiracy to obstruct the IRS (18 USC § 371) was essentially similar to Penal Law § 175.35 based on the attorney's plea admissions that in his role as a general counsel he oversaw a scheme by company executives to conceal the gains realized from the exercise of stock options which included falsified tax returns and SEC filings]).
Accordingly, the Committee's motion should be granted to the extent of striking respondent's name from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), and disbarring him effective nunc pro tunc to the date of his conviction, November 1, 2016.
All concur.
Order filed [December 12, 2017].
Kapnick, J.P., Kahn, Gesmer, Kern, Moulton, JJ.
Respondent disbarred and name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to November 1, 2016. Opinion Per Curiam. All concur.