Matter of Stein (2019 NY Slip Op 00369)





Matter of Stein


2019 NY Slip Op 00369


Decided on January 17, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, Presiding Justice, David Friedman, John W. Sweeny, Jr., Rosalyn H. Richter, Sallie Manzanet-Daniels, Justices.


M-5103

[*1]In the Matter of Marla L. Stein (admitted as Marla Lauren Schiff), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Marla L. Stein, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Marla L. Stein, as Marla Lauren Schiff, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 11, 1988.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Michael S. Ross, Esq.



PER CURIAM.


Respondent Marla L. Stein was admitted to the practice of law in the State of New York by the First Judicial Department on July 11, 1988, under the name Marla Lauren Schiff. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
By joint notice of motion dated October 16, 2018, the Attorney Grievance Committee (AGC) and respondent move, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5), to suspend her from the practice of law for a period of three years, nunc pro tunc to January 21, 2016, the date of her interim suspension, based upon the stipulated facts and consent of the parties.
Pursuant to 22 NYCRR 1240.8(a)(5)(i), the motion is supported by a joint affirmation which contains a statement of facts, conditional admissions, factors in aggravation and mitigation, and agreed upon discipline.
Pursuant to 22 NYCRR 1240.8(a)(5)(ii), the motion is accompanied by respondent's affidavit acknowledging her admission to the stipulated facts, her consent to the agreed upon discipline, which she has freely and voluntarily given, and her full awareness of the consequences of such consent.
On April 14, 2015 respondent pled guilty in the United States District Court for the Southern District of New York to corruptly endeavoring to obstruct and impede the due administration of the Internal Revenue law in violation of 26 USC § 7212(a), a felony. In an attempt to lower her tax liability and in response to an IRS audit, respondent, among other things, created false tax documentation indicating that two individuals (a medical professional who had performed medical services for a member of respondent's family and a domestic employee) had provided services to her law practice and had been paid fee income by respondent as a result. In fact, neither of those individuals had provided such services. Respondent presented the false documentation to the IRS during the course of a 2013 audit of her and her husband's joint tax returns for the 2010 and 2011 tax years to substantiate fake deductions and expenses. In addition to the false audit documentation, respondent's guilty plea was entered in full satisfaction of any crimes relating to respondent's payment of unreported cash wages to a domestic employee between 2007 and 2013.
Prior to her 2015 sentencing, respondent and her husband filed accurate amended tax returns and paid the past taxes owed to the IRS for the tax years 2007 through 2013, including interest and penalties in the total amount of $99,546. They also filed accurate New York State amended tax returns for the tax years 2007 through 2012, which showed an additional tax liability of approximately $155,000 which they are paying in installments pursuant to an agreement with New York State tax authorities. No criminal action has been commenced against respondent in connection with her New York State personal income tax returns.
On July 31, 2015, respondent was sentenced to a term of imprisonment of one year and one day, followed by one year of supervised release, 100 hours of community service, and was further directed to make restitution in the amount of $99,546, which, as noted, she paid prior to sentencing.
In August 2015, respondent, who ceased practicing law as of April 2015, notified the AGC of her conviction, as required by Judiciary Law § 90(4). By order of January 21, 2016, we deemed respondent's conviction a "serious crime" (Judiciary Law § 90[4][d]); immediately suspended her from the practice of law (Judiciary Law § 90[4][f]); and referred the matter for a sanction hearing to be held within 90 days from respondent's release from prison (Judiciary Law § 90[4][g]) (137 AD3d 104 [1st Dept 2016]).
Respondent attests that she has refrained from the practice of law since her April 2015 conviction, and that her postconviction employment has been in non legal positions, including "providing property management and administrative assistance on a part-time, freelance basis" to [*2]her father's commercial real estate business.
Respondent completed her term of incarceration and began her one-year period of supervised release, which is scheduled to terminate on December 12, 2018, and has nearly completed her 100 hours of community service.
In addition to her post conviction non legal employment, in September 2015, respondent and her husband formed a company called Prime Factor Group, Inc., a consulting firm that maintains a database of medical and other experts that are matched with corporations and law firms in need of a particular expert.
Respondent avers that she and her husband fully depleted their retirement and savings accounts in order to meet their restitution obligations and to supplement their post conviction incomes.
Based on the stipulated facts set forth above, respondent admits that she stands convicted of a "serious crime," her conduct violated the New York Rules of Professional Conduct, (22 NYCRR 1200.0) and she is subject to discipline under 22 NYCRR 1240.12(c)(2).
The parties have stipulated to the following aggravating factors: prior to the 2013 IRS audit, respondent and her husband were audited by the IRS between late 2007 and 2008 in connection with their return for the 2005 tax year. On their Schedule C, respondent and her husband collectively claimed tens of thousands of dollars in contractor and other services which were never actually rendered. Respondent, for her part, claimed false expenses on the 2005 tax return for commissions and fees purportedly incurred by her law practice and, in addition, falsely claimed personal expenses as legal expenses, including medical bills for a family member. Although the IRS auditor ultimately disallowed over $37,000 in expenses related to the 2005 tax return, which respondent and her husband agreed to, the auditor allowed tens of thousands of dollars of fraudulently claimed expenses based upon the false information respondent provided during the 2007-2008 audit, which did not result in criminal prosecution. Respondent and her husband earned a substantial gross income during the years that respondent engaged in the tax-related misconduct underlying this proceeding.
Additionally, the parties agree that under 22 NYCRR 1240.8(b)(2) and §§ 9.21 and 9.22(b) and (c) of the ABA Standards for Imposing Lawyer Sanctions, dishonest or selfish motive and a pattern of misconduct may also be considered in aggravation herein and may justify an increase in the degree of discipline to be imposed.
The mitigating factors stipulated by the parties include: respondent's previously unblemished disciplinary history and the fact that she has not practiced law for nearly 3 1/2 years; that she has been under an interim suspension since January 2016; her misconduct did not involve the misuse of client funds, nor did it negatively impact any of her clients; she fully cooperated with federal criminal authorities and made full restitution; she promptly notified the AGC of her conviction and cooperated with the AGC's investigation; she accepted full responsibility for her misconduct and expressed remorse and contrition therefor; since approximately 2014, respondent and her husband have retained the services of diligent accountants and attorneys to assist them in meeting their tax obligations and respondent is fully committed to continuing to meet such in the future; respondent is well regarded in the legal community and has an excellent reputation for the character traits of honesty and integrity; she has a long-standing reputation as a well respected wife, parent, and community member who volunteers her time; she has already suffered significant consequences as a result of her tax conviction, namely, 11 1/2 months of incarceration, financial penalties, and her interim suspension; and it is extremely unlikely that the misconduct at issue will recur in the future.
Additionally, the parties agree that under 22 NYCRR 1240.8(b)(2) and §§ 9.31 and 9.32 of the ABA Standards, absence of a prior disciplinary record, timely good faith effort to make restitution or to rectify consequences of misconduct, cooperation with disciplinary proceedings, character or reputation, imposition of other penalties or sanctions, and remorse may be considered in mitigation herein and may justify a reduction in the degree of discipline to be imposed.
The parties agree that the appropriate sanction to be imposed herein is a three-year suspension, effective nunc pro tunc to January 21, 2016, the date of respondent's interim suspension.
The parties note that the Appellate Divisions have previously imposed a range of sanctions, typically two to three-year suspensions, on attorneys convicted of comparable federal tax felonies. In support, the parties cite Matter of Cohen (159 AD3d 113 [1st Dept 2018], where the attorney was convicted of the identical tax felony as here (26 USC § 7212[a]) as well as two federal tax misdemeanors. We granted a motion for discipline by consent and imposed a 2 1/2-year suspension retroactive to the date of the interim suspension based upon the respondent's five-year failure to meet tax obligations and his concealment of income from clients. Mitigating factors included Cohen's acceptance of responsibility, remorse, previously unblemished disciplinary history, filing of all outstanding federal and state tax returns and $118,000 in payments toward tax liability, ongoing negotiations with tax authorities for settlement of tax debt, dedication to indigent clients and pro bono work, compliance with suspension order, and consequences of misconduct which included 11 months in prison; (see Matter of O'Brien, 136 AD3d 95 [1st Dept 2015]; Matter of Colbert, 121 AD3d 323 [2d Dept 2014]; Matter of Eagan, 142 AD3d 182 [2d Dept 2016], lv denied 28 NY3d 948 [2016].
Additionally, the parties cite to § 5.12 of the ABA Standards which provides, in relevant part, that "[s]uspension is generally appropriate when a lawyer knowingly engages in criminal conduct . . . that seriously adversely reflects on the lawyer's fitness to practice."
Accordingly, the parties' joint motion for discipline by consent is granted. Respondent is suspended from the practice of law in the State of New York for a period of three years, effective nunc pro tunc to January 21, 2016, and until further order of this Court.
All concur.
Order filed. [January 17, 2019]
Ordered that the joint motion for discipline by consent is granted, and respondent is suspended from the practice of law in the State of New York for a period of three years, effective nunc pro tunc to January 21, 2016, and until further order of this Court.