Matter of Dennis (2023 NY Slip Op 04178)

Matter of Dennis

2023 NY Slip Op 04178

Decided on August 03, 2023

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 03, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Dianne T. Renwick
Presiding Justice
Cynthia S. Kern Lizbeth González Manuel Mendez Bahaati E. Pitt-Burke
Justices.

Motion No. 2023-01660 Case No. 2023-01600 

[*1]In the Matter of Willie E. Dennis, An Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Willie E. Dennis (OCA Atty. Reg. No. 2351641), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Willie E. Dennis, was admitted, as Willie Eugene Dennis, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on June 4, 1990.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent Willie E. Dennis was admitted, as Willie Eugene Dennis, to the practice of law in the State of New York by the First Judicial Department on June 4, 1990. At all times relevant to this proceeding, respondent maintained a law office in the First Department.
Respondent engaged in a cyberstalking campaign against three of his former law partners. He sent thousands of emails and text messages harassing and threatening his former coworkers.
On October 17, 2022, respondent was convicted, after a jury trial, in the United States District Court for the Southern District of New York, of three counts of cyberstalking in violation of 18 USC § 2261A(2)(B). On February 10, 2023, respondent was sentenced to 24 months incarceration, followed by three years of supervised release.
The Attorney Grievance Committee (AGC) seeks an order determining that the crime of which respondent has been convicted is a "serious crime" under Judiciary Law § 90(4)(d) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(b)(2); immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(b)(2); and directing respondent to show cause before a referee appointed by the Court, within 90 days of his release from prison, why a final order of censure, suspension, or disbarment should not be made under Judiciary Law § 90(4)(g) and 22 NYCRR 1240.12(c)(2).
Under Judiciary Law § 90(4)(d), the term "serious crime" means "any criminal offense denominated a felony under the laws of ... the United States which does not constitute a felony under the laws of this state." Cyberstalking is classified a felony under the United States Code (see 18 USC § 2261A[2][B]). While there is no comparable felony under New York law, we have previously deemed an attorney's misdemeanor conviction of stalking in the fourth degree to be a "serious crime" (see Matter of Arkun, 119 AD3d 111, 113 [1st Dept 2014]). We accordingly find that respondent's conviction is properly deemed a "serious crime" under the Judiciary Law.
We have further held that, during the pendency of a "serious crime" proceeding, it is appropriate to impose an interim suspension under Judiciary Law § 90(4)(f) where the attorney has been convicted of a felony and is serving a term of probation or imprisonment (see e.g. Matter of Stein, 137 AD3d 104 [1st Dept 2016]; Matter of Lam, 104 AD3d 80 [1st Dept 2013[*2]]).
Accordingly, the AGC's motion to deem the offense of which respondent has been found guilty to be a "serious crime" within the meaning of Judiciary law § 90(4)(d) and 22 NYCRR 1240.12(b)(2) should be granted. Respondent is immediately suspended from the practice of law pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(b)(2). Pursuant to Judiciary Law § 90(4)(g) and 22 NYCRR 1240.12(c)(2)(i) and (iv), respondent is directed, within 90 days of the date of his release from prison, to show cause before a referee appointed by this Court, why a final order of censure, suspension or disbarment should not be made.
All concur.
It is ordered that the Attorney Grievance Committee's motion to deem the offense of which respondent Willie E. Dennis, admitted as Willie Eugene Dennis, has been found guilty, a "serious crime" within the meaning of Judiciary Law § 90(4)(d) and 22 NYCRR 1240.12(b)(2), is granted, and respondent, Willie E. Dennis, is suspended from the practice of law pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(b)(2), effective the date hereof, until such time as pending disciplinary matters have been concluded, and until further order of this Court, and
It is further ordered that pursuant to Judiciary Law § 90(4)(g) and 22 NYCRR 1240.12(c)(2)(i) and (iv), respondent Willie E. Dennis, admitted as Willie Eugene Dennis, is directed, within 90 days of the date of his release from incarceration, to show cause before a referee appointed by this Court, why a final order of censure, suspension or disbarment should not be made, and
It is further ordered that, pursuant to Judiciary Law § 90, during the period of suspension respondent Willie E. Dennis, admitted as Willie Eugene Dennis, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further ordered that, during the period of suspension respondent Willie E. Dennis, admitted as Willie Eugene Dennis, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further ordered that Mark J. Fitzmaurice, Esq., Fitzmaurice & Walsh, 15 Chester Avenue, White Plains, New York 10601, (914) 437-9057, mfitzwalsh&commat;optonline.net, is appointed as Referee to hold the hearing, and to issue a report and recommendation to this Court, with the report to be submitted within 60 days of the conclusion of the hearing or the submission of post-hearing memoranda.
Entered: August 3, 2023