Matter of Little (2024 NY Slip Op 00808)

Matter of Little

2024 NY Slip Op 00808

Decided on February 15, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Troy K. Webber
Justice Presiding
Jeffrey K. Oing Ellen Gesmer Peter H. Moulton Kelly O'Neill Levy
Justices.

Motion No. 2023-03909 Case No. 2023-04476 

[*1]In the Matter of Michael J. Little, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Michael J. Little (Admitted as Michael John Little) (OCA ATTY. REG. NO. 4347290), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Michael J. Little, was admitted, as Michael John Little, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 8, 2005.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent Michael J. Little was admitted to the practice of law in the State ofNew York by the First Judicial Department on September 8, 2005, under the nameMichael John Little.[FN1] Respondent maintains a registered address in the UnitedKingdom, where he is a licensed solicitor. As the admitting Judicial Department, thisCourt retains continuing jurisdiction over respondent (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
On April 10, 2018, in the Unites States District Court for the Southern District of New York, a jury found respondent guilty of four felonies: obstructing and impeding the administration of federal tax laws (26 USC § 7212[a]); willful failure to file reports of foreign accounts (31 USC §§ 5314 and 5322[a]); conspiracy to defraud the IRS (18 USC § 371); aiding and assisting the preparations of false IRS forms (26 § USC 7206[2]); and willful failure to file individual income tax returns (26 USC § 7203), a misdemeanor. On November 20, 2018, he was sentenced to 20 months incarceration, followed by one year of supervised release, and directed to pay over $4 million in restitution.
Respondent failed to report his conviction to the Court or the AGC, as required by Judiciary Law § 90(4)(c) and 22 NYCRR 1240.12(a). As a result, the Attorney Grievance Committee (AGC) did not learn of his conviction until shortly before it filed the instant motion on September 7, 2023. In its motion, the AGC seeks an order determining that the crimes of which respondent has been convicted are "serious crimes" (Judiciary Law § 90[4][d]); immediately suspending respondent from the practice of law pursuant to 22 NYCRR 1240.12(b)(2) and Judiciary Law § 90(4)(f); and directing respondent to show cause before a referee appointed by the Court why a final order of censure, suspension, or disbarment should not be made under 22 NYCRR 1240.12(c)(2) and Judiciary Law § 90(4)(g).
This Court has previously determined that obstructing and impeding the due administration of federal tax laws (26 USC § 7212[a]), aiding and assisting the preparations of false IRS forms (26 USC § 7206[(2]), failure to file individual income tax returns (26 USC § 7203), and conspiracy to defraud the IRS (18 USC § 371) are "serious crimes" under Judiciary Law § 90(4)(d) (see Matter of Stein, 137 AD3d 104 [1st Dept 2016]; Matter of Kornblatt, 135 AD3d 189 [1st Dept 2015]; Matter of Cohen, 140 AD3d 67 [1st Dept [*2]2015]; Matter of Bertel, 252 AD2d 256 [1st Dept 1999]).
We have consistently held that it is appropriate to impose an interim suspension under Judiciary Law § 90(4)(f) during the pendency of a "serious crime" proceeding where the attorney has been convicted of a felony and is serving a term of imprisonment and/or probation, which is the equivalent of supervised release (see Matter of Lindenbaum, 165 AD3d 53, 56 [1st Dept 2018]; Matter of Stein, 137 AD3d at 106; Matter of Kornblatt, 135 AD3d at 191; Matter of Lam, 104 AD3d 80 [1st Dept 2013]). Here, respondent was released from prison in July 2020, and has likely completed his term of supervised release. Nevertheless, interim suspension is warranted because respondent does not oppose it. Furthermore, his failure to report his conviction constitutes misconduct (Judiciary Law § 90[4][c]) and prevented the AGC from moving for "serious crime" relief while he was still serving his sentence (see Matter of Klarman, 155 AD3d 19 [2d Dept 2017]).
Accordingly, the Committee's motion to deem the offenses of which respondent has been convicted to be "serious crimes" within the meaning of Judiciary Law § 90(4)(d) should be granted. Respondent is immediately suspended from the practice of law pursuant to 22 NYCRR 1240.12(b)(2) and Judiciary Law § 90(4)(f) and is directed to show cause before a referee appointed by the Court why a final order of censure, suspension or disbarment should not be made under 22 NYCRR 1240.12(c)(2) and Judiciary Law § 90(4)(g).
All concur.
It is Ordered that the motion by the Attorney Grievance Committee for the First Department to deem the offense of which respondent Michael J. Little, admitted as Michael John Little, has been found guilty, to be a "serious crime" within the meaning of Judiciary Law § 90(4)(f) is granted, and respondent Michael J. Little, admitted as Michael John Little, is suspended from the practice of law effective the date hereof, until such time as pending disciplinary matters have been concluded, and until further order of this Court; and
It is further Ordered that pursuant to Judiciary Law § (4)(g) and (h) and 22 NYCRR 1240.12(c)(2)(i) and (iv), respondent Michael J. Little, admitted as Michael John Little, is directed to show cause at a hearing before the referee appointed herein, why a final order of censure, suspension, or disbarment should not be made based on his conviction of a serious crime as defined in Judiciary Law § 90(4)(d); and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent Michael J. Little, admitted as Michael John Little, is commanded to desist and refrain from (1) the practice of law in any form either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and[*3](4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent Michael J. Little, admitted as Michael John Little, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that Rosalyn Richter, Esq., 43 West 43rd Street, Suite 157, New York, NY 10036, Telephone (212) 859-3485, rosalyn.richter&commat;proton.me, is appointed as Referee to hold a hearing, and to issue a report and recommendation to this Court, with the report to be submitted within 60 days of the conclusion of the hearing or the submission of post-hearing memoranda.
Entered: February 15, 2024

Footnotes

Footnote 1: According to OCA records, respondent, pursuant to 22 NYCRR 118.1(g), has certified as
retired since the 2019-20 biennial period.