[670 NYS2d 26]

In the Matter of Joseph N. Barnes (Admitted as Joseph Nathan Barnes), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, March 17, 1998

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Susan Brotman* of counsel *(Gentile & Benjamin,* attorneys), and *Joel Cohen* of counsel *(Stroock & Stroock & Lavan, L. L. P.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the Bar at the First Judicial

Department in 1978, and has maintained an office for the practice of law within this Department during all periods relevant to this proceeding.

In June 1995 respondent pleaded guilty, in United States District Court for the Southern District of New York, to three counts of willful failure to file income tax returns, in violation of 26 USC § 7203. He was sentenced, later that year, to eight months of imprisonment and one year of probation, and ordered to make restitution and pay a special assessment of $75. In 1996 we ruled that these Federal misdemeanors were "serious crimes" as defined by Judiciary Law § 90 (4) (d), and directed respondent to show cause why a final disciplinary sanction should not be imposed (§ 90 [4] [g]). Interim suspension was set aside (§ 90 [4] [f]).

The Federal information charged respondent with failing to file income taxes for the calendar years 1987, 1988 and 1991, amounting to a tax liability of $225,709.* In imposing sentence, the Federal court noted as "relevant conduct" respondent's underpayment of an additional $20,992 in taxes due for 1989.

In addition to this delinquency of more than $200,000, the record reveals that respondent failed to file any tax returns from 1975 through 1986. The plea agreement required respondent to file all delinquent returns, which resulted in a total Federal tax liability of $376,357 for the years in question.

Additional matters were brought to light during the course of this disciplinary proceeding:

— Respondent falsified and backdated a 1989 tax return in furtherance of his 1991 application for a mortgage on a $590,000 house he and his wife had contracted to purchase in Florida.

— Respondent's law firm failed to file New York City commercial rent tax returns for the period 1991 through 1994, resulting in a personal guilty plea, in New York City Criminal Court, to a misdemeanor violation of Administrative Code of the City of New York § 11-4008. Respondent was sentenced to a fine and community service, and was required to execute a $22,453.40 confession of judgment to the City.

— Respondent suffered a personal judgment of $271,000 in Supreme Court, New York County, in 1995, for nonpayment of rent by his law firm, during the course of which proceedings respondent was held in contempt for failing to comply with a subpoena for financial information.

---

* The stipulation of facts before this Court undercalculates the total by $36,000.

The Hearing Panel took into consideration respondent's dedication to his community in the form of charitable and *pro bono* work, and the list of noted public figures attesting to his good character, in reaching the conclusion that these tax-filing delinquencies were neither venal nor purposeful. On September 10, 1997, the Panel recommended a two-year suspension, retroactive to March 1, 1996, the date respondent had "voluntarily" suspended his practice while serving his Federal sentence at a penitentiary in Florida.

Petitioner has moved to confirm the Panel's findings of fact and conclusions of law, and leaves to this Court's discretion the imposition of an appropriate sanction. Respondent seeks a similar confirmation of the findings and conclusions, and the recommended sanction, or in the alternative, a public censure.

While we accept the Panel's findings of fact, we cannot agree that this decade-long pattern of tax avoidance indicates a lack of venality or purposefulness (*see, Matter of Chervin*,181 AD2d 111), especially in light of the falsification of documents in connection with the 1991 mortgage application. As Judge Baer noted in imposing prison sentence in 1995 (also after seeing an impressive array of character references), respondent's conduct amounted to no less than "a calculated and fully understood effort to avoid everyday critical obligations."

One of the basic obligations of a citizen in a free society is to declare and pay taxes. A lawyer—least of all, a benefactor and role model for the community—cannot purposely avoid that civic responsibility without appropriate sanction. This case calls for a more meaningful penalty.

Accordingly, the motion and cross motion are granted only to the extent of confirming the Hearing Panel's findings of fact. The Panel's recommended sanction is disaffirmed, and respondent is ordered suspended from the practice of law for a period of three years, effective immediately.

ROSENBERGER, J. P., NARDELLI, WALLACH, RUBIN and MAZZARELLI, JJ., concur.

Motion and cross motion are granted only to the extent of confirming the Hearing Panel's findings of fact, and disaffirming the recommended sanction, and respondent is suspended from the practice of law in the State of New York for a period of three years, effective immediately, and until the further order of this Court.