[672 NYS2d 321]

In the Matter of ROBERT P. BURNS (Admitted as ROBERT PETERSON BURNS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 5, 1998

**APPEARANCES OF COUNSEL**

*Raymond Vallejo* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

*Sheryl E. Reich* of counsel (*Gerald B. Lefcourt,* attorney), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the Bar at the First Judicial Department in 1959, and has maintained an office for the practice of law within this Department during all periods relevant to this proceeding. In 1996 he was charged, in Albany City Court, with three counts of repeated failure to file New York State income tax returns, a class E felony, in violation of Tax Law § 1802 (a). The complaint also charged failure to file a return, with intent to evade taxes, a misdemeanor violation of Tax Law § 1801 (a). On July 29, 1996, respondent pleaded guilty to the misdemeanor, in satisfaction of the entire complaint, and was sentenced to pay a $1,000 fine.

On May 12, 1997, this Court determined that the offense of which respondent stood convicted was a "serious crime," and referred the matter for a hearing and appropriate sanction. The Hearing Panel has recommended a six-month suspension, with reinstatement conditioned upon satisfaction of respondent's Federal and State income tax obligations for 1996, and continued compliance with the restitution commitments respondent made to the tax authorities.

Respondent is substantially in arrears in payment of his Federal taxes, but has entered into an agreement with the Internal Revenue Service to make periodic payments acceptable to that agency. Partial payments have been made toward old (pre-1982) New York State tax delinquencies, but no arrangements have yet been made to satisfy taxes due past 1982.

The only explanation respondent offered the Hearing Panel for his dereliction was that he simply did not have the money to pay his taxes, and since he confused the obligation to pay with the requirement to file tax returns, he ignored the latter obligation as well. "Hopefully," he told the Hearing Panel, he is "a little better [of a businessman] now," and presumably better able to live up to these responsibilities.

Respondent urges that public censure is the appropriate sanction in this instance, citing a number of this Court's tax-evasion decisions resulting in that level of discipline. However, censure for tax avoidance is appropriate only where behavior is aberrational or marked by mitigating circumstances (*see, Matter of Fallon,* 179 AD2d 15). In respondent's favor are his

complete candor before the Committee, and his acknowledgement of needful corrective action. Also present, however, are some aggravating factors. For example, although the felony complaint covered only the period from 1988 through 1992, it developed that respondent failed to file State or Federal income tax returns, or to pay tax, during a *12-year* period, from 1981 through 1992. Such a pattern of tax avoidance requires suspension from practice (*Matter of Barnes*, 241 AD2d 13), notwithstanding respondent's previously unblemished record as an attorney and the glowing testimonials from an impressive array of character witnesses.

Accordingly, petitioner's motion to confirm the findings of the Hearing Panel is granted. The Panel's recommendation for a six-month suspension, with reinstatement conditioned upon continued compliance with restitution undertakings made to tax authorities, as well as satisfaction of current* Federal and State income tax obligations, is also confirmed.

MILONAS, J. P., WALLACH, RUBIN, TOM and SAXE, JJ., concur.

Application granted, the Hearing Panel's report confirmed, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York for a period of six months, effective June 4, 1998, and until the further order of this Court, with reinstatement conditioned upon continued compliance with restitution undertakings made to tax authorities, as well as satisfaction of current (1996 and 1997) Federal and State income tax obligations.

---

* We would only add that current obligations should include 1997 as well as 1996.