[726 NYS2d 711]

In the Matter of JAMES L. TENZER (Admitted as JAMES LAW-
RENCE TENZER), an Attorney, Respondent. GRIEVANCE COM-
MITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 25, 2001

### APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Stacey J. Sharpelletti* of counsel),
for petitioner.

*DePetris & Bachrach,* New York City (*Marion Bachrach* of
counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a peti-

tion containing one charge of professional misconduct. The Special Referee sustained the charge after a hearing. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent supports the motion to confirm and asks that he be allowed to continue to practice law uninterrupted with the skill and dedication he has shown for approximately 30 years.

The charge alleges that the respondent was convicted of a serious crime, in violation of 26 USC § 7203. On March 27, 1998, the respondent pleaded guilty to an information filed in the United States District Court for the Southern District of New York charging him with four counts of failure to file tax returns, in violation of 26 USC § 7203, a Federal misdemeanor.

On February 24, 1999, the respondent was sentenced by United States District Judge Brieant to a determinate term of 12 months incarceration on Counts One and Two, to run concurrently with each other, and to a determinate term of one day on Counts Three and Four, to run concurrently with each other and consecutively to the sentence imposed on Counts One and Two, and to supervised release for one year.

On December 14, 2000, after the United States Court of Appeals for the Second Circuit remitted the case for resentencing, the respondent was resentenced by District Judge Colleen McMahon to determinate terms of 12 months incarceration on Counts One and Two, to run concurrently with each other, and to a determinate term of one day on Counts Three and Four, to run concurrently with each other and consecutively to the sentence imposed on Counts One and Two, and to supervised release for one year.

The uncontroverted charge was properly sustained. The petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigation offered by the respondent, including his unblemished disciplinary history and the character evidence adduced.

Notwithstanding the respondent's excellent reputation in his field of expertise, his expressed remorse and humiliation, and his efforts to achieve an offer in compromise with the Internal Revenue Service, the respondent presents an anomalous situation of an expert in his field who was aware of his obligations, had the financial resources to meet them, yet, inexplicably, became seriously delinquent in his payment of tax. Under the

circumstances, the respondent is suspended from the practice of law for a period of one year.

BRACKEN, P. J., O'BRIEN, ALTMAN, KRAUSMAN and GOLD-STEIN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, James L. Tenzer, is suspended from the practice of law for a period of one year, commencing August 1, 2001, with leave to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, James L. Tenzer, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.