[736 NYS2d 264]

In the Matter of DAVID W. CLAYTON (Admitted as DAVID WILLIAM CLAYTON), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 22, 2002

**APPEARANCES OF COUNSEL**

*Robert P. Guido,* Syosset (*Edward A. Tini* of counsel), for petitioner.

*Kase & Drucker,* Garden City (*John Laurence Kase* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition, dated February 20, 2001, containing one charge of professional misconduct. The Special Referee sustained the charge after a hearing. The Grievance Committee now moves to confirm the findings of the Special Referee and to impose such discipline upon the respondent as the Court deems just and proper. The respondent's attorney has submitted a letter to the Court, dated July 2, 2001, in which he attempts to differentiate this case from *Matter of Tenzer* (285 AD2d 116), which involved the imposition of a one-year suspension for a tax offense. The respondent asks the Court to consider all of the facts of his life and practice in imposing discipline in this matter.

Charge One alleges that the respondent has been convicted of a crime and is thereby guilty of professional misconduct, within the meaning of Judiciary Law § 90 and 22 NYCRR 691.2.

A misdemeanor information filed in the United States District Court for the Eastern District of New York charged the respondent with one count of failure to file a tax return, in violation of 26 USC § 7203, a Federal misdemeanor. On or about February 24, 2000, the respondent entered into a plea agreement pursuant to which he waived his right to a jury trial and entered a plea of guilty to the aforesaid information before the Honorable Arlene R. Lindsay, United States Magistrate Judge.

On September 7, 2000, the respondent was sentenced by the Honorable Michael L. Orenstein, United States Magistrate Judge, to a three-year term of probation and 200 hours of community service for the Nassau/Suffolk Law Services Group.

Inasmuch as the factual allegations of the petition are undisputed, the Special Referee properly sustained the charge. The motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that he repaid all of his back taxes prior to sentencing and is currently making timely payments on all other tax liabilities. Moreover, the respondent's failure to pay his taxes was caused by his financial difficulties, his attempts to pay liabilities he felt mor-

ally obligated to pay, and his failed business venture in a foreign country. Both the Special Referee and Grievance Counsel note the respondent's candor and remorse exhibited during the proceedings in mitigation of his misconduct.

Under the totality of circumstances, the respondent is publicly censured for his professional misconduct.

RITTER, ACTING P. J., SANTUCCI, ALTMAN, O'BRIEN and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, David W. Clayton, is censured for his professional misconduct.