[992 NYS2d 107]

In the Matter of MARTIN N. GAMLIEL (Admitted as MARTIN NARDI GAMLIEL), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 10, 2014

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Faith Lorenzo* of counsel), for petitioner.

*Scalise & Hamilton*, Scarsdale (*Deborah A. Scalise* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Ninth Judicial District served the respondent with a petition dated July 26, 2013, containing one charge of professional misconduct. After a hearing conducted on October 2, 2013, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report, and to impose such discipline upon the respondent as the Court deems just and proper. The respondent, by his attorney, has submitted a response to the Grievance Committee's motion to confirm, and in support of the respondent's request that the Court impose a sanction no greater than public censure.

Charge one alleges that the respondent engaged in professional misconduct as defined in Rules of the Appellate Division, Second Judicial Department (22 NYCRR) § 691.2, by virtue of his conviction of a serious crime, as follows:

In or about March of 2012, the respondent was charged in Yonkers City Court with one count of criminal tax fraud in the fourth degree, a class E felony, in violation of Tax Law § 1803, based upon his failure to file a New York State personal income tax return for the tax year 2009. On or about August 21, 2012, the respondent pleaded guilty in Yonkers City Court, before the Honorable Robert C. Cerrato, to attempted criminal tax fraud in the fourth degree, a class A misdemeanor, in violation of Tax Law § 1803 and Penal Law § 110.00. He was sentenced to a one-year conditional discharge. That same day, the respondent paid a mandatory surcharge of $175 as well as a crime victims fee of $25, and was granted a certificate of relief from disabilities.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained charge one. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

In determining the appropriate measure of discipline to impose, the respondent asks that the Court consider the following mitigating factors: his excellent reputation, both personally and professionally, for competence, honesty, and integrity; his full cooperation with the Grievance Committee and this Court; his genuine remorse and contrition; the lack of harm to any client; as well as his previously unblemished disciplinary record. However, the record reveals that the respondent's conduct in failing to file his personal income tax return was not aberrational. Indeed, the respondent, a seasoned attorney, failed to honor his New York State and Federal personal income tax obligations for nearly two decades. From 1991 through 2002, although the respondent filed both his New York State and Federal income tax returns, he failed to pay the taxes due. From 2003 through 2007, the respondent failed to file his New York State and Federal income tax returns, as well as pay any tax due. It was not until the respondent was under investigation by the New York State Department of Taxation and Finance, in 2008, that he began to take corrective action. Nonetheless, he continued to fall short of his obligations, as evidenced by his failure to timely file his income tax returns for tax year 2009, which led to the underlying conviction. As a result of the respondent's failure to honor his personal income tax obligations, he has amassed combined New York State and Federal tax liabilities of approximately $800,000, including interest and penalties. Although the respondent candidly accepts responsibility for his actions, he is unable to offer an explanation for his wrongful behavior.

"One of the basic obligations of a citizen in a free society is to declare and pay taxes. A lawyer—least of all, a benefactor and role model for the community—cannot purposely avoid that civic responsibility without appropriate sanction" (*Matter of Barnes*, 241 AD2d 13, 15 [1998]). Notwithstanding the aforementioned mitigating factors, and the respondent's request for a sanction no greater than a public censure, the unexplained and prolonged period during which the respondent knowingly failed to honor his tax obligations is a factor in aggravation, which distinguishes this case from precedent imposing a censure (*cf. Matter of Tartaglia*, 66 AD3d 10 [2009]; *Matter of Tenzer*, 285 AD2d 116 [2001]; *see also Matter of Burns*, 242 AD2d 49 [1998]). Accordingly, under the circumstances of this case, the respondent is suspended from the practice of law for a period of two years.

ENG, P.J., MASTRO, RIVERA, SKELOS and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Martin N. Gamliel, admitted as Martin Nardi Gamliel, is suspended from the practice of law for a period of two years, commencing October 10, 2014, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than April 11, 2016. In such application, the respondent shall furnish satisfactory proof that during said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Martin N. Gamliel, admitted as Martin Nardi Gamliel, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Martin N. Gamliel, admitted as Martin Nardi Gamliel, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).