[34 NYS3d 630]

In the Matter of DAVID E. EAGAN, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT,
Petitioner.

Second Department, July 27, 2016

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Robert H. Cabble* of counsel), for petitioner.

*Long Tuminello, LLP*, Bay Shore (*Michelle Aulivola* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a petition dated December 4, 2014, containing two charges of professional misconduct. After a hearing on October 16, 2015, the Special Referee sustained the charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and appropriate. The respondent has submitted a response seeking to confirm the Special Referee's report. However, he asks that the Court impose a sanction no greater than a public censure.

Charge one alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness in that he was convicted of a serious crime within the meaning of Judiciary Law § 90 (2) and (4) and 22 NYCRR

691.7, in violation of rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0). By felony complaint dated February 27, 2014, the respondent was charged with one count of criminal tax fraud in the fourth degree, in violation of Tax Law § 1803, a class E felony. The felony complaint and its supporting deposition alleged, inter alia, that the respondent failed to report his income totaling $310,077 during the period January 1, 2010 through December 31, 2010, to the New York State Department of Taxation and Finance, resulting in lost revenue to the State in excess of $3,000, specifically $17,620 for the tax year 2010. It was also alleged that the respondent's law firm had not filed a New York State income tax return for the years 2002 through 2010.

On or about May 13, 2014, in the Supreme Court, Suffolk County, the respondent waived prosecution by indictment and consented to prosecution under a superior court information, charging him with one count of attempted personal income and earnings taxes; repeated failure to file, in violation of Tax Law § 1808 (a), and Penal Law § 110.00, a class A misdemeanor. The superior court information alleged that, during the period January 1, 2002 through December 31, 2011, with intent to evade tax imposed under Tax Law article 22 or any related income or earnings tax statute, the respondent failed to file an income tax return for three consecutive tax years while having an unpaid tax liability, in violation of the Tax Law of the State of New York.

On or about May 13, 2014, the respondent pleaded guilty to the single count in the superior court information. In the plea allocution, it was noted that the respondent had evaded paying approximately $171,930 in New York State personal income taxes. As part of the negotiated plea and sentence, the respondent paid $495,145 for the unpaid income taxes, together with accrued penalties and interest. The respondent was sentenced to an unconditional discharge.

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the allegations set forth in charge one.

Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

The respondent has no prior disciplinary history.

The respondent asks that this matter be referred back to the Grievance Committee for issuance of a private reprimand, or, in the alternative, for the imposition of a public censure, in view of the following mitigating factors: (1) the respondent's personal and financial problems suffered during the relevant period (loss of $400,000 annual salary after having amassed significant debt, and before he could build up a new practice); (2) the aberrational nature of the misconduct; (3) his acceptance of full responsibility for his misconduct and full cooperation with the investigation; (4) his payment of full restitution; (5) his sincere remorse; (6) the lack of any harm to any client; (7) the respondent's pro bono and charitable activities in the community; (8) the respondent's general reputation in the community as an ethical and honest attorney; and (9) his unblemished disciplinary record. According to the respondent, his failure to file "resulted from an actual inability to pay and was not motivated by dishonesty or a desire to accumulate wealth."

Notwithstanding the aforementioned mitigating factors advanced by the respondent, we find that a suspension from the practice of law is warranted in view of the pattern of avoidance engaged in by the respondent and the protracted period of 10 years during which he did not file state personal tax returns (see Matter of Gamliel, 122 AD3d 125 [2014]; Matter of Burns, 242 AD2d 49 [1998]; Matter of Barnes, 241 AD2d 13 [1998]). While the respondent did suffer a sudden reversal of fortune when he lost his partnership position at a law firm, the respondent attempted to maintain his lifestyle, including running a horse farm, which not only was not profitable, but required him to use personal income to help cover the expenses required to keep the farm running. The respondent made a calculated decision to pay his federal taxes, but not his state taxes, based on his stated belief that the Internal Revenue Service was the more aggressive tax entity. Although the respondent claimed that he was putting aside savings to pay his overdue taxes, and, indeed, had saved enough money, the respondent continued his pattern of avoidance until he learned that he was under investigation by the taxing authorities.

Under the circumstances, such as here, where an attorney avoids his civic responsibility to pay taxes for such a lengthy period of time, conduct which cannot be characterized as aberrational, this Court concludes that a suspension of two years is warranted.

ENG, P.J., MASTRO, RIVERA, DILLON and ROMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, David E. Eagan, is suspended from the practice of law for a period of two years, commencing August 26, 2016, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than February 27, 2018. In such application, the respondent shall furnish satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (c) that he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, David E. Eagan, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, David E. Eagan, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, David E. Eagan, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).