Matter of Cohen (2018 NY Slip Op 01174)





Matter of Cohen


2018 NY Slip Op 01174


Decided on February 20, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Peter Tom, Justices.


M-5983

[*1]In the Matter of Stanley L. Cohen, (admitted as Stanley Lewis Cohen), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Stanley L. Cohen, (OCA Atty. Reg. No. 1941202), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Stanley L. Cohen, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on July 11, 1984.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Sarah Diane McShea, Esq. for respondent.



PER CURIAM


Respondent Stanley L. Cohen was admitted to the practice of law in the State of New York by the Second Judicial Department on July 11, 1984, under the name Stanley Lewis Cohen. At all times relevant to this proceeding, he maintained an office for the practice of law within the [*2]First Judicial Department.
By joint notice of motion dated November 16, 2017, the Attorney Grievance Committee and respondent ask this Court, pursuant to the Rules for Attorney Discipline Matters (22 NYCRR) § 1240.8(a)(5), to suspend him from the practice of law for a period of 2½ years, effective as of April 14, 2015, the date of his interim suspension, based upon the stipulated facts and consent of the parties (140 AD3d 67 [1st Dept 2015]). 
On April 14, 2014, respondent was convicted, upon his plea of guilty, in the United States District Court for the Northern District of New York of obstructing and impeding the Internal Revenue Service, in violation of 26 USC § 7212(a), a felony. On May 1, 2014, respondent was convicted, upon his plea of guilty, in the United States District Court for the Southern District of New York of two counts of failure to file individual income tax returns for the years 2006 and 2007, in violation of 26 USC § 7203, a misdemeanor.
Respondent was sentenced, in the United States District Court for the Northern District of New York, to concurrent terms of 18 months in prison on the Northern District matter and 12 months each on the two counts in the Southern District matter, to be followed by one year of supervised release. Defendant was also ordered to pay all taxes, penalties and interest due the IRS and the New York State Department of Taxation and Finance, as well as pay a special assessment. On January 5, 2015, respondent began his prison sentence and ceased the practice of law.[FN1]
By order entered April 14, 2015, this Court found respondent's offenses constituted "serious crimes" and granted the Committee's motion immediately suspending him from the practice of law, and remanding the matter for a sanction hearing to be held within 90 days of his release from prison.
On December 15, 2015, respondent was released after serving 11 months in prison and, thereafter, completed his supervised release. Respondent also paid the assessment and, thereafter, filed his federal and state tax returns for the period 2005 through 2009, the tax years underlying the criminal matters. Respondent paid $118,000 in estimated taxes towards his tax liability.
Both the IRS and New York State are claiming significant taxes are still owed. Negotiations for a settlement and payment plan between the IRS and respondent and New York State and respondent remain ongoing. 
On October 26, 2016, counsel for respondent filed an affidavit of compliance with this Court's April 14, 2015 interim suspension order.
Respondent admits that he was convicted of offenses which are defined as "serious crimes" under New York law and that his conduct violated rule 8.4(b) of the New York Rules of Professional Conduct (22 NYCRR 1200.0), which provides that a lawyer shall not engage in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer.
The parties agree that, in accordance with the case law and taking into account the factors in mitigation, a suspension of 2½ years, retroactive to his interim suspension dated April 14, 2015, is appropriate. The mitigating factors considered by the parties include respondent's candor about his misconduct, his acceptance of responsibility and expressions of sincere remorse and contrition; his filing of all outstanding federal and state tax returns for 2005 through 2010 covering all the years he had failed to file returns, and his payment of estimated payments totaling $118,000 for tax years 2006 through 2009; his position as a staff lawyer with the Legal Aid Society in the Bronx from 1984-1989, and as a solo practitioner handling mostly criminal [*3]defense matters representing many indigent clients, many of whom were Native Americans, from 1989-2015; his devotion to pro bono work in international human rights matters as a "significant" part of his practice, and his plan to continue this work upon his reinstatement; his devotion to caring for his longtime life-partner who has long-term serious mental and physical health problems; his own chronic health condition; his previously unblemished record as an attorney; his austere lifestyle, where respondent is without assets or an income; his actions did not harm his clients; his compliance with this Court's interim suspension order; and finally the consequences of his misconduct, insofar as he served 11 months out of his 18-month sentence in prison, three months in a halfway house and two months of home confinement.[FN2]
This Court has previously imposed a range of sanctions on lawyers convicted of similar offenses (see Matter of Schnall, 146 AD3d 81 [1st Dept 2016]; Matter of Racht, 120 AD3d 156 [1st Dept 2014]; Matter of Roisman, 89 AD3d 164 [1st Dept 2011]. Longer suspensions have been imposed where the tax offenses were combined with willful or obstructive conduct, which is the case at bar (Matter of O'Brien, 136 AD3d 95 [1st Dept 2015]; Matter of Eagan, 142 AD3d 182 [2d Dept 2016]; Matter of Gamliel, 122 AD3d 125, 127 [2d Dept 2014]; Matter of Colbert, 121 AD3d 323 [2d Dept 2014]; compare Matter of Kelly, 250 AD2d 291 [1st Dept 1998]).
The parties have agreed further, subject to this Court's consent, that in light of his age, the absence of any new allegations, and respondent's desire to return to "productive activity so that he may repay his back tax liability and teach abroad, as he plans to do," he should be allowed to apply for reinstatement immediately.
In light of the foregoing, we find that the proposed discipline of a 2½ year suspension, effective April 14, 2015, the date of his interim suspension, is an appropriate sanction for respondent's serious crimes.
As the period of suspension has already run, respondent may apply for reinstatement (22 NYCRR 1240.16[c][2]). Therefore, it is unnecessary for this Court to give respondent "permission to apply for reinstatement immediately," as the parties request.
All Concur.
Order Filed. [February 20, 2018]
Acosta, P.J., Friedman, Sweeny, Gische, Tom, JJ.
Joint motion is granted to the extent of suspending respondent from the practice of law in the State of New York for a period of 2-1/2 years, effective April 14, 2015, and until further order of this Court.



Footnotes

Footnote 1: Defendant was disbarred by the U.S. District Court for the Northern District on December 11, 2014. However, because respondent was handling a pending criminal matter before that court, the disbarment was annulled to permit him to complete the matter. The disbarment was reinstated two days later after the matter was complete.

Footnote 2:Respondent's life-partner had a breakdown while respondent was in prison and attempted suicide.