Matter of Spagnuolo (2019 NY Slip Op 04387)





Matter of Spagnuolo


2019 NY Slip Op 04387


Decided on June 5, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2017-08328

[*1]In the Matter of Peter. Spagnuolo, admitted as Peter Vincent Spagnuolo, a suspended attorney. Grievance Committee for the Ninth Judicial District, petitioner; Peter V. Spagnuolo, respondent. (Attorney Registration No. 2547669)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 14, 1993, under the name Peter Vincent Spagnuolo. By decision and order on motion of this Court dated January 4, 2018, the respondent was immediately suspended pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii) based on his conviction of a serious crime, and he was directed to show cause at a hearing pursuant to 22 NYCRR 1240.12(c)(2)(iii) before the Honorable Alfred J. Weiner, as Special Referee, why a final order of suspension, censure, or disbarment should not be made based on his conviction of a serious crime.



Gary L. Casella, White Plains, NY (Anthony R. Wynne of counsel), for petitioner.
Emery Celli Brinckerhoff & Abady LLP, New York, NY (Hal R. Lieberman of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
After a hearing on August 8, 2018, the Special Referee filed a report dated September 24, 2018, in which he reported the mitigating and aggravating factors and concluded that the respondent had failed to meet his burden in establishing why this Court should not issue a final order of public discipline. The Grievance Committee for the Ninth Judicial District now moves to confirm the report of the Special Referee, and for the imposition of such discipline upon the respondent as the Court deems appropriate. The respondent, by counsel, also moves to confirm the Special Referee's report, and requests that the Court impose a public censure or a suspension of six months or less, with the suspension retroactive to the date of his interim suspension, and direct that he be reinstated to the practice of law without further proceedings.
The Criminal Conviction
On July 5, 2017, before the Honorable Lawrence J. Schwartz, in the County Court, Westchester County, the respondent pleaded guilty to the crime of petit larceny, in violation of Penal Law § 155.25, a class A misdemeanor. As reflected in the minutes of the plea and sentence proceeding, the respondent admitted that "on or about and between the period of March 1, 2009 and January 31, 2015, [he] did knowingly and unlawfully steal property from the New York State Tax Department."
By way of background, the respondent's tax liability stems from his operation of two food court businesses as FreshMex, LLC, and All American Burger, LLC (hereinafter together the LLCs), in a mall located in White Plains, New York. At all times, the respondent was the person [*2]responsible for collecting sales tax from customers of the LLCs on behalf of the State of New York, filing sales tax returns, and remitting tax payments to the State. From on or about March 1, 2009, and through January 31, 2015, sales tax was collected from customers of the food court businesses, but no sales tax returns were filed and no sales tax was remitted to the New York State Tax Department. On June 13, 2017, a Superior Court Information was filed in the County Court, Westchester County, under S.C.I. No. 16-1118, charging the respondent and the LLCs with grand larceny in the second degree, in violation of Penal Law § 155.40, and two counts of criminal tax fraud in the third degree, in violation of Tax Law § 1804.
Pursuant to a plea agreement, on July 5, 2017, the LLCs pleaded guilty to grand larceny in the third degree and criminal tax fraud in the third degree, in violation of Penal Law § 155.35 and Tax Law § 1804, respectively, both class D felonies. In view of the pleas entered by the LLCs, and the payment of the total tax of $403,719, the respondent was permitted to enter a misdemeanor plea. The LLCs were sentenced to three-year conditional discharges on the felony convictions, and the respondent was sentenced to a one-year conditional discharge and directed to pay a $50 DNA databank fee.
The Hearing
The respondent testified that in or about 2009, he took over a fast food restaurant (Desert Moon Café) in the Westchester Mall. A year later, he opened a second fast food business at that mall (Nathan's Hot Dogs). Although New York sales tax was collected from customers of those businesses, the respondent admitted that from March 2009 through January 2015, he did not file quarterly sales tax returns and did not pay the collected sales tax to the New York State Tax Department.
The respondent testified that after he was contacted by investigators from the District Attorney's Office, he paid the principal tax due, both the sales tax and his own tax liability. The respondent reached a plea agreement permitting him to plead guilty to petit larceny, a class A misdemeanor, and he was sentenced, inter alia, to a one-year conditional discharge. The respondent maintains that he cooperated with the criminal justice authorities, and complied with the terms of the plea and sentence. The respondent testified that a final assessment has been made, setting the interest and penalties owed at approximately $400,000 and $800,000, respectively. He intends to start paying these obligations when he is able to do so.
The respondent admitted that not only was his conduct illegal, but it was also morally wrong, and if he was confronted with the same circumstances, he would act differently and close the businesses and figure out a way to pay what he owes. The respondent also described how this experience has been devastating to him and his family, and financially crippling. He expressed remorse for bringing disgrace to his family and to the legal profession.
Findings and Conclusion
We find that the Special Referee properly concluded that the respondent failed to meet his burden of establishing why this Court should not issue a final order of public discipline. Accordingly, the branches of the petitioner's motion and the respondent's motion which are to confirm the report of the Special Referee are granted.
In seeking the imposition of a public censure or a suspension of six months or less, the respondent's counsel contends, inter alia, that the respondent cooperated with the criminal justice authorities and the Grievance Committee, accepted responsibility, and apologized for his misconduct; that no client was harmed (although the respondent admits that his failure to pay taxes has harmed the public); and that the respondent paid restitution of the sales tax ($376,000) and his own tax liability ($27,719), and presented evidence of his good character. Notwithstanding the mitigation advanced, for a protracted period, the respondent knowingly and unlawfully stole property from the New York State Tax Department. From March 1, 2009, through January 31, 2015, sales tax was collected from customers of the food court businesses, but the respondent failed to file sales tax returns and remit that tax to the New York State Tax Department. Although the respondent has made restitution of the tax owed, substantial interest and penalties of approximately $1.2 million remain outstanding. We also note, as an aggravating factor, that the respondent's disciplinary record is not unblemished, as he has received two Admonitions and a Letter of Caution.
Under the totality of the circumstances, we conclude that the respondent's criminal conduct warrants a suspension from the practice of law for a period of two years, with credit for the time elapsed under the decision and order of this Court dated January 4, 2018 (see Matter of Eagan, 142 AD3d 182; Matter of Gamliel, 122 AD3d 125).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that those branches of the petitioner's motion and the respondent's motion which are to confirm the Special Referee's report are granted; and it is further,
ORDERED that the respondent, Peter V. Spagnuolo, admitted as Peter Vincent Spagnuolo, is suspended from the practice of law for a period of two years, with credit for the time elapsed under the decision and order of this Court dated January 4, 2018, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than July 4, 2019. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11, and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Peter V. Spagnuolo, admitted as Peter Vincent Spagnuolo, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Peter V. Spagnuolo, admitted as Peter Vincent Spagnuolo, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Peter V. Spagnuolo, admitted as Peter Vincent Spagnuolo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court