Matter of Talcott (2020 NY Slip Op 03015)





Matter of Talcott


2020 NY Slip Op 03015


Decided on May 27, 2020


Appellate Division, Second Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
SHERI S. ROMAN, JJ.


2019-02627

[*1]In the Matter of Kelly Douglas Talcott, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Kelly Douglas Talcott, respondent. (Attorney Registration No. 2256097)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 1, 1989. By order to show cause dated July 29, 2019, the respondent was directed to show cause why a final order of suspension, censure, or disbarment should not be made based on his conviction of a serious crime. In addition, the respondent was immediately suspended from the practice of law pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii), based upon his conviction of a serious crime, continuing until further order of this Court.



Catherine A. Sheridan, Hauppauge, NY (Ian P. Barry of counsel), for petitioner.



PER CURIAM


OPINION & ORDER
. On September 16, 2010, in the County Court, Nassau County, the respondent was convicted, upon a plea of guilty, of criminal tax fraud in the fifth degree, in violation of Tax Law § 1802, a class A misdemeanor, and was sentenced to a one-year conditional discharge, and directed to pay $98,470 in restitution and a $5,000 fine, which were both paid.
The respondent's plea of guilty was made in satisfaction of two underlying indictments, the first charging him with criminal tax fraud in the third degree (Tax Law § 1804), a class D felony, for failing to file a tax return for the year 2008, and the second charging him with repeated failure to file personal income taxes (Tax Law § 1808[a]), a class E felony, for failing to file a tax return for the years 2002, 2003, 2004, and 2005, with the intent to evade tax payment due for each tax year. In entering his plea of guilty, the respondent admitted that he "did, in fact, defraud New York State Government by failing to pay taxes as required under the law."
Despite being served personally with this Court's order to show cause dated July 29, 2019, the respondent has neither served a response nor requested additional time to do so.
In determining the appropriate measure of final discipline, this Court notes that the respondent's plea of guilty was made in satisfaction of two felony charges, and he failed to honor his tax obligations over a prolonged period, totaling five tax years. Such a repeated failure to file taxes evidences a pattern of conduct that cannot be characterized as aberrational. This Court also views the respondent's complete failure to participate in this matter as an aggravating factor, particularly in light of his failure to inform this Court of his 2010 conviction, as required by Judiciary Law § 90(4)(c). The one mitigating factor drawn from the record, and considered by this Court, is [*2]that the respondent has no prior disciplinary history.
Under the totality of the circumstances, we find that a suspension from the practice of law for a period of one year is warranted (see Matter of Eagan, 142 AD3d 182; Matter of Gamliel, 122 AD3d 125; Matter of Tartaglia, 66 AD3d 10).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and ROMAN, JJ., concur.
ORDERED that the respondent, Kelly Douglas Talcott, is suspended from the practice of law for a period of one year, commencing June 29, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 29, 2021. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11, and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Kelly Douglas Talcott, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Kelly Douglas Talcott, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Kelly Douglas Talcott, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court