Matter of Ambrosino (2021 NY Slip Op 02288)





Matter of Ambrosino


2021 NY Slip Op 02288


Decided on April 14, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX, JJ.


[*1]In the Matter of Edward A. Ambrosino, admitted as Edward Anthony Ambrosino, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Edward A. Ambrosino, respondent. (Attorney Registration No. 2371359)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 5, 1990, under the name Edward Anthony Ambrosino. By decision and order on motion dated April 2, 2020, the respondent was immediately suspended from the practice of law pursuant to Judiciary Law § 90(4)(f) based on his conviction of a serious crime, and was directed to show cause at a hearing, pursuant to 22 NYCRR 1240.12(c)(2)(iv), before the Honorable Sandra L. Sgroi, as Special Referee, why a final order of suspension, censure, or disbarment should not be made based on his conviction of a serious crime.



Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for petitioner.
Scalise & Hamilton, P.C., Scarsdale, NY (Deborah A. Scalise of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
After a hearing on June 8, 2020, the Special Referee filed a report dated July 2, 2020, in which she reported the mitigating and aggravating factors and concluded that the respondent had failed to meet his burden in establishing why this Court should not issue a final order of public discipline. The Grievance Committee for the Tenth Judicial District now moves for an order confirming the report of the Special Referee, and imposing such discipline upon the respondent as the Court deems appropriate. The respondent, by counsel, does not contest the report of the Special Referee, however, he contends that the appropriate sanction for his misconduct is a suspension of between one and two years, with credit for the time elapsed under the Court's interim order of suspension.
The Criminal Conviction
By indictment filed on March 28, 2017, the respondent was charged with eight counts: one count of wire fraud, in violation of 18 USC § 1343; three counts of attempted tax evasion, in violation of 26 USC § 7201; three counts of making and subscribing false corporate tax returns, in violation of 26 USC § 7206(1); and one count of failing to file a tax return, in violation of 16 USC § 7203. The indictment, alleged, inter alia, that between November 2001 and December 2015, the respondent was employed by a law firm in Uniondale, and earned income pursuant to a [*2]compensation agreement which provided that he was to be paid a base salary plus 15% of all legal fees he generated and collected, in excess of $125,000, for professional legal services from non-law firm clients. The non-law firm clients paid legal fees to the respondent directly by check and, consistent with his compensation agreement, the respondent was required to endorse the checks over to the law firm. In 2011, the respondent incorporated Vanderbilt Consulting Group, Inc. (hereinafter Vanderbilt), as an S Corporation in the State of New York. The respondent was the sole shareholder of Vanderbilt and the sole authorized signatory on a bank account opened for Vanderbilt on or about September 5, 2012. The indictment alleged that, beginning in early 2013 and continuing through 2015, the respondent deposited approximately $800,000 of $1.3 million he received in non-law firm legal fees into Vanderbilt's bank account, without making subsequent payments to the law firm, thereby depriving the law firm of in excess of $800,000 in revenue during this period. In addition, the respondent deducted expenses that he knew were not business expenses on Vanderbilt's 2011 through 2013 corporate tax returns, and included losses flowing from the Vanderbilt tax returns to his personal tax returns for the 2011 and 2012 tax years. For tax year 2013, the respondent failed to claim approximately $315,000 in funds earned from non-law firm clients on either his personal tax return or the Vanderbilt corporate tax return. With respect to tax year 2014, the respondent did not timely file his individual tax return or the corporate tax return for Vanderbilt.
On April 3, 2019, the respondent was convicted, upon a plea of guilty, in the United States District Court for the Eastern District of New York (hereinafter the District Court) (Joanna Seybert, J.), of the felony crime of attempt to evade or defeat tax, in violation of 26 USC § 7201. As reflected in the plea minutes, the respondent admitted that he omitted a substantial portion of his personal income on a tax return, resulting in his declaration of taxes that were "substantially below" the amount that should have been declared. Following his plea of guilty, the respondent resigned from his position as Councilman in the Town of Hempstead, in which he had served from 2003 until April 2019.
On November 15, 2019, the respondent was sentenced to six months imprisonment and three years supervised release, and was directed to pay a $100 special assessment; $700,000 in restitution to his former law firm; and $33,000 in restitution to the Internal Revenue Service. The respondent previously paid $221,628 to the Internal Revenue Service, and $56,000 in full satisfaction of his obligations to the New York State Department of Taxation. At the sentencing, the District Court found that the respondent utilized "sophisticated means" in the execution of his crime, conduct that requires greater intricacy or planning than routine tax evasion, through his use of the Vanderbilt corporation to deposit funds that he should have remitted to his former law firm. Such a finding resulted in an enhancement to the sentencing guidelines used to determine the respondent's prison sentence.
The Hearing
At the hearing before the Special Referee, the respondent testified that, regarding his criminal conviction, there were "mistakes" in his tax returns in that he understated his income and took "aggressive tax deductions." He understood his obligation to file taxes and accepted full responsibility for his conduct, noting that he had paid the state and federal taxes levied against him for tax years 2011 through 2014 as a result of the charges against him.
The remainder of the respondent's testimony related to mitigation, in which he discussed his extensive volunteer work and community service, his remorse for his actions, and the significant negative impact his conviction has had on his family and his reputation. Six character witnesses testified as to the respondent's excellent reputation in the community, and three character letters were submitted on his behalf.
Findings and Conclusion
We find that the Special Referee properly concluded that the respondent failed to meet his burden in establishing why this Court should not issue a final order of public discipline. Accordingly, the petitioner's motion, and that branch of the respondent's motion which seeks to confirm the report of the Special Referee, are granted.
In seeking the imposition of a suspension between one year and two years, nunc pro tunc to the date of the interim suspension order, the respondent asks that various mitigating factors be considered, including, inter alia: the aberrational nature of his conduct; that his misconduct occurred outside of the practice of law and was unrelated to his career as a public servant; his [*3]reputation for honesty and trustworthiness in the legal community and the community at large; the strong, substantial, and credible character evidence presented; his expressed remorse; his cooperation with the Committee; that he has already suffered greatly through the loss of his position as a Councilman, loss of reputation, embarrassment to his family, and prison time; and his continued devotion to helping his community.
Notwithstanding the mitigation advanced, the Court finds the intentional nature of the respondent's conduct, which required intricate planning and continued over several years, to constitute an aggravating factor. The respondent under-reported the amount of income tax that he owed, resulting in liabilities of over $300,000 to the tax authorities for tax years 2011 through 2014, and $700,000 in restitution to his former law firm. Although the respondent has satisfied the liabilities to the tax authorities, restitution of $700,000 to his former law firm remains outstanding.
We also note that following the interim suspension imposed by this Court, the respondent was issued a Letter of Advisement dated June 17, 2020, to ensure that payees are notified and other arrangements are made in the event of an escrow account closure.
Under the totality of the circumstances, we find that a suspension from the practice of law for two years is warranted, without credit for the time the respondent has already served under the interim suspension imposed by this Court by decision and order on motion dated April 2, 2020 (see Matter of Eagan, 142 AD3d 182; Matter of Gamliel, 122 AD3d 125; Matter of Foglia, 87 AD3d 170).
MASTRO, A.P.J., RIVERA, DILLON, CHAMBERS and HINDS-RADIX, JJ., concur.
ORDERED that the respondent, Edward A. Ambrosino, admitted as Edward Anthony Ambrosino, a suspended attorney, is suspended from the practice of law for a period of two years, effective immediately, without credit for the time the respondent has already served under the interim suspension imposed by this Court by decision and order on motion dated April 2, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than October 14, 2022. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Edward A. Ambrosino, admitted as Edward Anthony Ambrosino, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Edward A. Ambrosino, admitted as Edward Anthony Ambrosino, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Edward A. Ambrosino, admitted as Edward Anthony Ambrosino, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court